IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Charles Conway, | No. CV-11-1139-PHX-FJM (LOA) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et. al, | |
| Respondents. | |

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, doc. 1. Respondents have filed an Answer, doc. 16, to which Petitioner has not replied and the deadline has passed. As discussed below, the Petition should be dismissed as untimely.

**I. Background**

On August 12, 1981, Petitioner was indicted in the Arizona Superior Court, Maricopa County, case number CR-121347, with two counts of sexual assault, class 2 felonies. (Respondents' Exh. A) Petitioner pled no contest to both counts. (Respondents' Exhs. B, C) On November 30, 1981, the court sentenced Petitioner to presumptive terms of seven years' imprisonment, to run concurrently to each other and the sentence Petitioner was already serving. (Respondents' Exh. D)

Over twenty years later, on May 18, 2007, the Tempe Police Department encountered Petitioner during a domestic dispute on Broadway Road and Mill Avenue. (Respondents' Exh. E) Police ran a "warrant check" and discovered that Petitioner was wanted for

absconding because he was a sex offender who had failed to update his address.

(Respondents' Exh. E)   On December 31, 2007, Petitioner was charged by information in

CR2007-132198 with one count of failing to register as a sex offender, a class 4 felony.

(Respondents' Exhs. F, G)   Petitioner moved to dismiss the charges arguing that the

charging statute, A.R.S. § 13-3822, was unconstitutionally vague in violation of the Fifth

and Fourteenth Amendments.  (Respondents' Exh. H)   Before the state court ruled on the

motion to dismiss, Petitioner pled guilty to the charged offense.  (Respondents' Exhs. J, K)

On July 2, 2008, the court[1] sentenced Petitioner to a three-year term of probation, to run

concurrently to his term of probation in another case.  (Respondents' Exhs. L, M)

On November 3, 2008, the Adult Probation Department moved to revoke Petitioner's

probation because Petitioner had: (1) absconded by failing to report and inform his probation

officer of his whereabouts; (2) failed to obtain employment; and (3) failed to pay probation

service fees.  (Respondents' Exh. N)  Based on the foregoing, Petitioner was indicted in CR

2008-009209 with two counts of failure to register as a sex offender, class 4 felonies.

(Respondents' Exh. O)   Petitioner pled guilty to one count on June 30, 2009, and the second

count was dismissed.  (Respondents' Exhs. P, Q)  Based on Petitioner's conviction, the court

also found that Petitioner had violated the terms of his probation in CR 2007-132198.[2]

(Respondents' Exh. R)

On August 7, 2009, Petitioner filed a motion to terminate his obligation to register as

a sex offender in both cases - 2007-132198 and 2008-0092091.  (Respondents' Exh. S)

Petitioner argued that the conduct underlying his 1981 conviction occurred before he turned

eighteen.  (*Id.*)  He further argued that he was not required to register as a sex offender

because his plea agreement did not mention that requirement, and he was convicted after the

sex-offender registration statute was repealed in 1978.  (*Id.*)   Petitioner asserted that the

---

[1]  The Honorable David K. Udall presided.

[2]  The Honorable Arthur T. Anderson, no relation to the undersigned, presided.

- 2 -

registration requirement was not codified again until 1983, two years after his conviction. (*Id.*) Accordingly, Petitioner argued that the requirement that he register as a sex offender for his 1981 conviction was a manifest injustice and violated the Ex Post Facto Clauses of the United States and Arizona Constitutions. Before the state court[3] ruled on Petitioner's motion, it revoked his probation in CR 2007-132198 and sentenced him to concurrent terms of 2.5 years' imprisonment in CR 2007-132198 and CR 2008-009209. (Respondents' Exhs. U-X) On March 11, 2010, the state court denied Petitioner's motion to terminate his duty to register as a sex offender. (Respondents' Exh. Z)

On June 10, 2010, Petitioner filed a motion to dismiss his convictions in CR 2007-132198 and CR 2008-009209 due to lack of subject matter jurisdiction. (Respondents' Exh. AA) Petitioner argued that the sex offender registration requirements did not apply to his case because the statute codifying the requirement did not exist at the time of his conviction. Petitioner cited *State v. Noble*, 171 Ariz. 171, 829 P.2d 1217 (Ariz. 1992) in support of his claim that the application of the sex offender registration requirement to his case violated the Ex Post Facto Clause of the Arizona and United States Constitutions, as well as his Fifth, Sixth, and Fourteenth Amendment due process rights. (Respondents' Exh. AA)

On September 22, 2010, Petitioner filed a second motion in both case numbers to "compel determination of matters" and dismiss for lack of subject matter jurisdiction. (Respondents' Exhs. BB, CC) Petitioner argued that: (1) the trial court lacked subject matter jurisdiction to render a sentence pursuant to Arizona's 1983 sex offender registration statute; (2) the State violated the Ex Post Facto Clauses of the Arizona and United States Constitutions when it retroactively required Petitioner to register as a sex offender pursuant to A.R.S. § 13-3821; (3) the State violated the terms of his 1981 plea agreement which did not contain any language requiring Plaintiff to register as a sex offender; (4) his convictions for failure to register created a manifest injustice; and (5) the prosecutor presented false and

_____

[3] The Honorable Michael D. Jones presided.

- 3 -

misleading testimony informing the grand jury that Petitioner was required to register as a sex offender pursuant to A.R.S. § 13-3821. (*Id.*) On November 2, 2010, the court denied Petitioner's motions. (Respondents' Exhs. EE, HH)

Although the trial court's minute entry referred to both cases, it was not filed in CR 2007-132198. (Respondents' Exh. HH) The state court noted this error, and filed a minute entry on January 26, 2011 noting that Petitioner's motions had been denied in CR 2007-132198. (Respondents' Exh. HH)

On January 10, 2011, before the State court had noted its failure to issue a decision on Petitioner's motions in CR 2007-132198, Petitioner filed a special action petition in the Arizona Court of Appeals. (Respondents' Exh. FF) Petitioner argued that: (1) the state court abused its discretion in failing to render a decision in 90 days; and (2) the state court lacked subject matter jurisdiction to sentence him "for a crime that was not illegal at the time of his conviction." (*Id.*) On January 20, 2011, the Arizona Court of Appeals declined to accept jurisdiction of Petitioner's special action petition. (Respondents' Exh. GG)

On February 4, 2011, Petitioner filed a petition for review in the Arizona Supreme Court. (Respondents' Exh. II) On May 11, 2011, the Arizona Supreme Court denied review. (Respondents' Exh. JJ)

On June 6, 2011, Petitioner filed a Petition for Writ of Habeas Corpus in this Court asserting the following grounds for relief:

> Ground One: Petitioner's failure to register convictions are invalid because the state court lacked subject matter jurisdiction to impose sex offender registration requirements because there was no sex offender registration law in effect when he was convicted of sexual assault in 1981.

> Ground Two: Petitioner's failure-to-register convictions violate the Ex Post Facto Clauses of the Arizona and United States Constitutions.

> Ground Three: Petitioner's failure-to-register convictions violated his 1981 plea agreement and created a manifest injustice because his 1981 plea agreement did not include any language requiring Petitioner to register as a sex offender.

> Ground Four: The prosecutor who prosecuted Petitioner for failure to register as a sex offender violated the terms of the plea agreement for Petitioner's sexual assault conviction because that plea agreement did not specify that

Petitioner would have to register as a sex offender and, likewise, the law did not require sex offender registration.

(Doc. 1)   Respondents assert that the Petition should be dismissed as untimely. Respondents alternatively argue that Petitioner's claims are not cognizable on federal habeas corpus review.  Petitioner has not filed a reply and the deadline has passed.

## II.  Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") established a one-year period in which to file a petition for writ of habeas corpus in federal court.  28 U.S.C. § 2244(d)(1).

Title 28 U.S.C. § 2244 provides, in pertinent part, that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d).

### A.  Commencement of the Limitations Period

To assess the timeliness of the Petition for Writ of Habeas Corpus, the Court must first determine the date on which Petitioner's conviction became "final by the conclusion of direct review."  28 U.S.C. § 2244(d)(1)(A).  Significant to that determination is that, by pleading guilty, Petitioner waived his right to a direct appeal under Arizona law.  A.R.S. § 13-4033(B).  Petitioner, however, retained the right to seek review in an "of-right" proceeding pursuant to Ariz.R.Crim.P. 32.  Ariz.R.Crim.P. 32.1, 32.4. Because Petitioner pleaded guilty, his conviction became final upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review."  *See Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (concluding that an "'of-right proceeding,' available under Arizona Rule of Criminal

Procedure 32 to criminal defendants who plead guilty, is a form of 'direct review' within the meaning of 28 U.S.C. § 2244(d)(1).").

Here, Petitioner pleaded guilty and was sentenced in CR 2007-132198 and CR 2008-009209 on August 21, 2009. (Respondents' Exhs. J, K, P, Q, U-X)   Under Arizona law, Petitioner had ninety days from the entry of judgment and sentence - or until November 19, 2009 - within which to file a notice of post-conviction relief under Rule 32. *See* Ariz.R.Crim.P. 32.1, 32.4(a) (stating that "[i]n a Rule 32 of-right proceeding the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding."). Petitioner did not file a notice of Rule-32 relief. Accordingly, the AEPDA limitations began to run on November 19, 2009 and concluded one year later on November 19, 2010. Petitioner did not file his § 2254 petition until June 6, 2011, well after expiration of the one-year limitations period. Accordingly, absent tolling, it is untimely and not subject to habeas corpus review.

**B. Tolling the Limitations Period**

**1. Statutory Tolling**

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2) (the AEDPA's limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."). Although Petitioner filed a Special Action in the Arizona Superior Court, that action did not toll the AEDPA limitations period because such a proceeding is not considered a "properly filed application for State post-conviction relief" or other appropriate form of collateral review. *See* 28 U.S.C. § 2244(d)(2); *Isley v. Ariz. Dep't. Corr.* 383 F.3d 1054, 1055-56 (9th Cir. 2004). In Arizona, a special action takes the place of "writs of certiorari, mandamus, or prohibition in the trial or appellate court." 17B A.R. S. Special

Actions, Rules of Proc., Rule 1.  Petitions for writ of mandamus, or special action, do not toll the limitations period because they are not "application [s] for State post-conviction or other collateral review with respect to the pertinent judgment or claims" within the meaning of § 2244(d)(2). *Hardiman v. Galaza*, 58 Fed.Appx. 708, 710 (9th Cir. 2003) (citing *Sorce v. Artuz*, 73 F.Supp.2d 292, 297 (E.D.N.Y. 1999).

In summary, Petitioner filed his petition for writ of habeas corpus on June 6, 2011, more than six months after the one-year limitations period expired on November 19, 2010. Accordingly, the Petition is untimely unless equitable tolling applies.

**2.  Equitable Tolling**

Section 2244(d)'s limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar.  *Holland v. Florida*, ___ U.S.___, 130 S.Ct. 2549, 2560 (2010); *Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1011 n. 2 (9th Cir. 2009).  A petitioner is entitled to equitable tolling only if he establishes two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace*, 544 U.S. at 418.   "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence."  *Holland*, 130 S.Ct. at 2565 (internal citations and quotations omitted).

Petitioner asserts that his untimeliness should be excused because "subject matter jurisdiction can be raised any time."  (Doc. 1 at 11)  Although Petitioner contends that he is challenging the state court's subject matter jurisdiction, his claims in his petition challenge the state's application of the sex-offender-registration requirement to him.  (Doc. 1)   Thus, Petitioner is not challenging the state court's subject matter jurisdiction, but rather, the interpretation of state sentencing law.  Regardless, Petitioner's challenge to the state court's subject matter jurisdiction pertains to the merit of his claims and does not constitute an extraordinary circumstance to justify equitable tolling.   Petitioner has neither articulated, nor does the record reveal, any extraordinary circumstance that would justify equitable tolling.  *See Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (noting that equitable

tolling only applies "where 'external forces, rather than a petitioner's lack of diligence account for the failure to file a timely claim."). Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. *See Ballesteros v. Schriro*, CV-06-675-EHC (MEA), 2007 WL 666927, * 5 (D.Ariz. February 26, 2007) (noting that a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances) (citing *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999)). "[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). Petitioner's ignorance of the law and indigent status do not distinguish him from the great majority of inmates pursuing habeas corpus relief. Such circumstances are not extraordinary and do not justify tolling the limitations period. "If limited resources, lack of legal knowledge, and the difficulties of prison life were an excuse for not complying with the limitation period, the AEDPA's limitation period would be meaningless since virtually all incarcerated prisoners have these same problems in common." *Bolanos v. Kirkland*, No. 1:06-cv-00808-AWI-TAG HC, 2008 WL 928252, * 4 (E.D.Cal. April 4, 2008), *Report and Recommendation adopted by*, *Bolanos v. Kirkland*, 2008 WL 1988878 (E.D.Cal. May 5, 2008); s*ee also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (affirming denial of equitable tolling because neither the district court's failure to advise the petitioner of the right to amend his petition to include unexhausted claims nor petitioner's inability to correctly calculate the limitations period were extraordinary circumstances warranting equitable tolling).

Petitioner has failed to present any circumstance that would justify equitably tolling the AEDPA statute of limitations. Accordingly, his § 2254 Petition should be denied as untimely and the Court need not reach Respondents' alternative arguments.

### III. Conclusion

In summary, because the Petition for Writ of Habeas Corpus is untimely and Petitioner has not established any basis for avoiding the AEDPA limitations period, the Petition should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus, doc. 1, be **DENIED.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 9th day of February, 2012.

Lawrence O. Anderson
United States Magistrate Judge